# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-2349
_____

Omid Hamzehzadeh

*Plaintiff - Appellant*

v.

St. Charles County, Missouri; David Todd; Christopher Hunt; Joann Leykam

*Defendants - Appellees*

St. Charles County Police Department

*Defendant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: April 13, 2023
Filed: June 13, 2023
[Unpublished]

_____

Before COLLOTON, WOLLMAN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Omid Hamzehzadeh filed a charge of discrimination against St. Charles County (the County) with the Missouri Human Rights Commission. After receiving a right to sue letter, he commenced this action.

Hamzehzadeh's suit against the County alleged a violation of the Missouri Human Rights Act, Mo. Rev. Stat. § 213.010. His suit against the County and the individual defendants under 42 U.S.C. § 1983 alleged a claim of First Amendment retaliation. The district court[1] granted the defendants' motion for summary judgment. Reviewing *de novo*, we affirm. Rebouche v. Deere & Co., 786 F.3d 1083, 1086 (8th Cir. 2015) (standard of review).

Hamzehzadeh, an Iranian-born naturalized citizen, became a police officer with the St. Charles County Police Department in April 2017. His applications for a variety of special assignments and promotions between 2018 and 2021 were denied. According to Hamzehzadeh's affidavit, the selected applicants were "Caucasian males, some with less experience or tenure" than he had.

After joining the Local 42 Police Union in 2019, Hamzehzadeh attended meetings "a couple times," but did not hold a position in the union. In August of 2019, a former dispatcher accused Hamzehzadeh and another officer of providing her with alcohol while she was underage and forcing her to have nonconsensual sex. A criminal investigation did not result in charges. Hamzehzadeh was suspended during an internal affairs investigation, which determined that he had provided alcohol to an underage person and had lied about it during the investigation. Hamzehzadeh was suspended without pay for one day. A union representative accompanied him during meetings related to the investigation and discipline when permitted to do so.

---

[1]The Honorable Patricia L. Cohen, United States Magistrate Judge for the Eastern District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

Hamzehzadeh argues that the district court erred in granting summary judgment on his claim that the County discriminated against him in its race- and national-origin-based denial of special assignments. We find no error in the district court's conclusion that Hamzehzadeh had "not set forth a prima facie case of discrimination" because he "failed to demonstrate that the County treated him differently than similarly situated employees." See Shanklin v. Fitzgerald, 397 F.3d 596, 602 (8th Cir. 2005) (requiring that plaintiff show that "similarly situated employees outside the protected class were treated differently" to establish prima facie case of discrimination (citation omitted)).

Hamzehzadeh also alleged that the County and individual defendants retaliated against him for his union activities through the manner in which they investigated the allegations against him and imposed a disciplinary suspension. The district court concluded that because Hamzehzadeh had "produced no evidence suggesting that his union activity was a substantial and motivating factor for the alleged adverse employment actions," he had not set forth a prima facie case of retaliation. See Hughes v. Stottlemyre, 506 F.3d 675, 678 (8th Cir. 2007) (setting forth requirements for prima facie case of retaliation). Our review of the record satisfies us that summary judgment was properly granted based upon the reasons set forth in the district court's thorough memorandum and order.

The judgment is affirmed. See 8th Cir. Rule 47B.

_____